IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

33 REALTY MANAGEMENT,

             Plaintiff,

    v.

CIARA WILLIAMS,

             Defendant.

CIVIL ACTION FILE NO.

1:18-CV-00946-AT-JFK

## FINAL REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on Defendant Ciara Williams' application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review the Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

## I.    Background Facts

Plaintiff 33 Realty Management, the owner of the real property commonly known as 2342 Hackamore Drive, Atlanta, Georgia 30314, filed a dispossessory proceeding in the Magistrate Court of Fulton County, Georgia, on or about February 12, 2018, against Defendant Ciara Williams for failure to pay rent which is now past due. [Doc. 1-1 at 4 ("Dispossessory Proceeding")]. On March 2, 2018, Defendant filed a petition for removal and requests injunctive relief to stay dispossessory/eviction proceedings. [Doc. 1-1 ("Removal")].[1]

---

[1]The court notes that Defendant Williams also has pending in this court a "complaint," Williams v. 33 Realty Management, 1:18-cv-318-AT-JFK, Doc. 1, which this court ordered Plaintiff Williams to amend due to the confusing and jumbled nature of the pleading. [Id., Doc. 2]. Plaintiff was directed to, using case number 1:18-cv-318, either amend the complaint to clarify the causes of action being brought against Defendant 33 Realty Management or, because of the references to removal of state court eviction proceedings, file a notice of removal of any such proceedings. [Id.]. Plaintiff was cautioned that she must establish this court's subject-matter jurisdiction either in filing the amended complaint or seeking removal of a pending state court action. [Id. at 6-8]. When Plaintiff Williams failed to file either an amended complaint or notice of removal, on February 23, 2018, the court issued a show cause order to Plaintiff reiterating the instructions set forth in the first court order. [Id., Doc. 3]. To date, Plaintiff has not complied with the show cause order. [Id.].

2

## II.     Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Williams bases the petition for removal of Plaintiff 33 Realty Management's dispossessory proceeding on the court's federal question jurisdiction. [Removal].  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

3

when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . .  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted).  Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff relied exclusively on state law when filing the dispossessory action in the Magistrate Court of Fulton County.  [Dispossessory Proceeding].  A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq.*'") (citation omitted) (emphasis added); see also Fennelly v. Lyons, 333 Ga. App. 96, 100, 775 S.E.2d 587, 592 (2015) (same).  Defendant alleges that removal is proper on the basis of federal question jurisdiction and, in the Petition for Removal, claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and her constitutional rights.  [Removal].  However, no federal question is presented

4

on the face of Plaintiff's well-pleaded complaint. [Dispossessory Proceeding]. There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 107 S. Ct. at 2430.

Defendant does not appear to assert jurisdiction based on diversity in the notice of removal. [Removal]. There is no evidence that diversity jurisdiction exists. To make the necessary showing, Defendant would have to demonstrate that there is complete diversity of citizenship between Defendant and Plaintiff and that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a)(1). There is no evidence of diversity of citizenship. And, as to damages, Plaintiff's dispossessory proceeding seeks the ejectment of Defendant from the property due to failure to pay past due rent. [Dispossessory Proceeding]. And Plaintiff seeks past due rent in the amount of $2,603.00 and rent accruing to the date of judgment or vacancy at the rate of $35.00 per day. [Id.]. Again, the court looks to Plaintiff's claim to determine whether removal jurisdiction is appropriate. See Burns, 31 F.3d at 1095; Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001). The face of the complaint does not show that the amount in controversy exceeds the $75,000.00 required for the court to have diversity jurisdiction as a basis for removal.

AO 72A
(Rev.8/82)

For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

Defendant also seeks injunctive relief and stay of the dispossessory proceedings and/or eviction.  [Removal].  Defendant is not entitled to the injunctive relief she seeks; a stay of the dispossessory proceedings is not appropriate.  <u>See</u> <u>American Homes 4 Rent Properties Eight, LLC v. Dynott</u>, 2015 WL 5920130, at *2 & n.4 (N.D. Ga. October 8, 2015) (denying the defendant's motion to stay state court dispossessory proceedings as moot because court lacked subject-matter jurisdiction and noting that, "[e]ven if subject-matter jurisdiction existed, the Court [would be] unable to grant Defendant the relief he seeks - a stay of state court eviction proceedings - because a federal court is prohibited under the Anti-Injunction Act . . . from enjoining a state court eviction proceeding"); <u>U.S. Bank National Ass'n v. Sanders</u>, 2015 WL 1568803, at *3 (N.D. Ga. April 7, 2015) ("Because this action is required to be remanded, Defendant's . . . Motion to Stay . . . [should be] denied."); <u>and see</u> <u>CF Lane, LLC v. Stephens</u>, 2014 WL 1572472, at *2 (N.D. Ga. April 17, 2014) ("this Court cannot enjoin a state court action for eviction").

**III.    Conclusion**

Accordingly, because Defendant failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Fulton County where it was last pending.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 5th day of March, 2018.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

7